UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HELEN JENKINSON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　Case No: 8:23-cv-01668-MSS-NHA

**BANK OF AMERICA CORPORATION,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant Bank of America Corporation's Motion to Dismiss. (Dkt. 25) The time for Plaintiff to respond to Defendant's Motion has expired. Thus, the Motion is ripe for the Court's review and resolution. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

    **I.**    **BACKGROUND**

    Plaintiff Helen Jenkinson brought this action against Experian Information Solutions, Inc. ("Experian"), Grow Financial Federal Credit Union ("Grow Financial"), and Bank of America Corporation ("Bank of America") for alleged violations of the Fair Credit Reporting Act ("FCRA").[1] (Dkt. 1) In the Complaint,

---

[1] The case was dismissed with prejudice as to Defendants Experian and Grow Financial. (Dkts. 24, 35)

1

Plaintiff alleges the following facts. Defendant Bank of America issued Plaintiff a Bank of America credit card (the "Credit Card") in 2006. (Id. at ¶ 9) Thereafter, Plaintiff experienced a reduction in income and was unable to make payments according to the terms of her Credit Card agreement. (Id. at ¶ 10) Ultimately, Bank of America charged off Plaintiff's Credit Card account. (Id. at ¶ 11) Although the date of this occurrence is unknown to Plaintiff, Plaintiff alleges it occurred more than seven years prior to its inclusion on her consumer credit report. (Id. at ¶¶ 11, 13)

Defendant Bank of America is a "furnisher of information" under the FCRA. (Id. at ¶ 57) Regularly and in the ordinary course of business, Defendant Bank of America furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers. (Id.) Defendant Bank of America prepared and furnished consumer payment information to Defendant Experian about Plaintiff's payment history. (Id. at ¶ 58) This information contained inaccurate and derogatory reporting of Plaintiff's Credit Card account. (Id.) Bank of America possessed evidence that the information was inaccurate, but Bank of America failed to correct the information. (Id. at ¶ 59) This inaccurate information is still listed on Plaintiff's Experian credit report. (Id. at ¶ 60)

Plaintiff alleges Bank of America failed: to follow reasonable procedures to assure the maximum possible accuracy of the information reported; to investigate the information it had notice was inaccurate promptly and adequately; to delete the inaccurate or unverifiable information promptly; and to take adequate steps to verify information Bank of America had reason to believe was inaccurate before reporting it

2

to Experian. (Id. at ¶ 71) As a result of these failures, Plaintiff alleges she suffered damages in the form of a loss of credit, loss of ability to purchase with credit, and emotional distress. (Id. at ¶ 76)

Based on these allegations, Plaintiff asserts Defendant Bank of America violated 15 U.S.C. §§ 1681e(b) and 1681i(a)(5). (Id. at ¶ 74) Plaintiff asserts Defendant Bank of America is liable for damages under the FCRA and the Truth in Lending Act (the "TILA"), although Plaintiff does not state the TILA provisions she believes Defendant Bank of America violated. (Id. at ¶ 77)

Defendant Bank of America now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), arguing it fails to plead any claims for which relief can be granted. (Dkt. 25)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also id. at 560–562 (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."

3

Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 553–556). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III.  DISCUSSION

Plaintiff attempts to state claims against Defendant Bank of America under 15 U.S.C. §§ 1681e(b) and 1681i(a)(5). Section 1681e(b) requires consumer reporting agencies follow reasonable procedures to assure maximum possible accuracy of the information contained in reports about individuals. Section 1681i(a)(5) requires consumer reporting agencies conduct reasonable investigations when notified information contained in a report is disputed or inaccurate. A consumer reporting agency is a

> person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Id. at § 1681a(f). A furnisher, on the other hand, is a person who furnishes information about a consumer to a consumer reporting agency. Id. at § 1681s-2(a) and (b). Section 1681s-2 governs furnishers' duties under the FCRA.

Plaintiff fails to state a claim against Defendant Bank of America under §§ 1681e(b) and 1681i(a)(5) because Defendant Bank of America is not a consumer reporting agency. (Dkt. 1 at ¶ 57) Plaintiff does not dispute that Defendant Bank of America is a furnisher under the FCRA. (Id.) Therefore, § 1681s-2 governs Defendant Bank of America's duties to Plaintiff. Defendant Bank of America cannot have violated the provisions Plaintiff alleges it did because those provisions do not impose any duties on furnishers. For this reason, dismissal is appropriate as to Plaintiff's claims against Defendant Bank of America.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Bank of America Corporation's Motion to Dismiss, (Dkt. 25), is **GRANTED WITHOUT PREJUDICE**.
2. Plaintiff is permitted leave to amend the Complaint to cure the deficiencies discussed above. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order.

**DONE and ORDERED** in Tampa, Florida this 15th day of March 2024.

                                        **TOM BARBER**
                                        **UNITED STATES DISTRICT JUDGE**[*]

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

---

[*] Signed by Judge Tom Barber to expedite resolution. This case remains assigned to Judge Mary S. Scriven.